15-3843-cv
Abrams v. Dep't of Pub. Safety, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of February, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                  *Circuit Judges*.

_____

FREDERICK M. ABRAMS,

                  *Plaintiff-Appellant*,

             v.                                              15-3843-cv

DEPARTMENT OF PUBLIC SAFETY, STATE OF CONNECTICUT, STEVEN FIELDS, MAJOR, I/O, PATRICK O'HARA, LIEUTENANT, I/O, JOHN TURNER, SERGEANT, I/O, BARBARA LYNCH, AFFIRMATIVE ACTION OFFICER, I/O,

                  *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Frederick M. Abrams, pro se, Manchester, CT.

Appearing for Appellees:     Ann E. Lynch, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

_____

[1] The Clerk of Court is respectfully instructed to amend the official caption as above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Frederick M. Abrams, proceeding pro se, appeals from the district court's judgment dismissing his race-discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983 after a jury verdict in favor of the Connecticut Department of Public Safety ("DPS") and several of its employees. Abrams alleged that the defendants discriminated against him by passing him over for a transfer into the district's Major Crimes Unit's crime van. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review. We address Abrams's challenges in turn.

First, Abrams challenges the district court's instructions to the jury on the value of report writing. The "instructions" given to the jury, however, were merely the introduction of the court reporter who would be making a record of the trial. In addition to being unpreserved, this challenge is frivolous.

Second, Abrams challenges the district court's supposed limiting of the testimony of one of Abrams's witnesses because of attorney-client privilege. This challenge is factually inaccurate. The witness's testimony was never so limited.

Third, Abrams challenges the district court's preclusion of evidence about a 1982 settlement by DPS and testimony about ongoing discrimination by DPS, rulings we review for abuse of discretion. *See Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). These rulings were not an abuse of discretion; we held on Abrams's previous appeal that the district court properly determined on summary judgment that this evidence failed to "pass[] muster" and "did not establish pretext." *See Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 253 & n.8 (2d Cir. 2014).

Fourth, Abrams challenges testimony elicited by defense counsel at trial regarding an individual whom the district court had precluded from testifying. The district court, however, sua sponte gave a corrective instruction directing the jury to disregard the testimony, and later gave a second corrective instruction. "It is a fundamental proposition that a jury is presumed to follow the instructions of the trial judge." *Britt v. Garcia*, 457 F.3d 264, 272 (2d Cir. 2006) (citation omitted). Abrams's challenge accordingly fails.

Fifth, Abrams argues that the district court erred by failing to grant a continuance to allow him to depose newly added witnesses. "The decision to deny a continuance rests within the sound discretion of the trial court and will be overturned only for an abuse of discretion." *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 99-100 (2d Cir. 2001). To succeed on such a challenge, Abrams must demonstrate both arbitrariness and prejudice. *Id.* at 100. He can show neither. Abrams never asked for a continuance, and, therefore, the district court's failure to sua sponte grant one could not be arbitrary. Even were Abrams to demonstrate arbitrariness, he cannot demonstrate prejudice. Abrams knew of the identity of two of the witnesses well before

discovery closed (each was named in his first amended complaint), but did not seek to depose them. Moreover, the remaining witnesses were identified in the parties' joint trial memorandum, which was filed more than two months before trial began. *See* Fed. R. Civ. P. 26(a)(3) (requiring trial witnesses to be disclosed 30 days before trial).

Finally, Abrams challenges the district court's decision to preclude a payroll clerk's testimony about additional overtime Abrams would have received had he been promoted to the position he sought. Even assuming arguendo this was error, it was harmless. The jury found for the defendants on the issue of liability and therefore had no need to consider evidence on damages. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

We have considered the remainder of Abrams's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk